## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY, ALLAN, & QUINN, INC. | ) |
| | ) |
| and | ) |
| | ) |
| MISSOURI INNOVATION | ) |
| CENTER, INC. | ) |
| | ) |
| and | ) |
| | ) |
| CI ICONIC, LLC, | ) |
| | ) Cause No.: |
| Plaintiffs, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ICONOPSYCH CARE, LLC | ) |
| | ) |
| Serve: | ) |
| Jason Cafer | ) |
| 2502 Corona Road | ) |
| Columbia, MO 65203 | ) |
| | ) |
| and | ) |
| | ) |
| JASON CAFER, | ) |
| | ) |
| Serve: | ) |
| Jason Cafer | ) |
| 2502 Corona Road | ) |
| Columbia, MO 65203 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Plaintiffs Anthony, Allan, & Quinn, Inc. ("AAQ"), Missouri Innovation

Center, Inc. ("MIC"), and CI Iconic, LLC ("CI") and for their Complaint against Defendants

IconoPsych Care, LLC ("IconoPsych") and Jason Cafer ("Cafer"), state as follows:

## BACKGROUND

1.      This case arises from Defendants' direct and blatant breach of their express agreement and false representations that Defendants would contribute and assign certain intellectual property to Iconic Health, LLC ("Iconic Health"), a newly formed limited liability company, in exchange for Defendants' interest in Iconic Health and for the services and contribution of Plaintiffs.  The intellectual property is important to the purpose of Iconic Health and as a going concern.  As a result of Defendants' breach and false representations, Iconic Health, of which Defendant IconoPsych is a Member, has been unable to secure necessary funding, complete product development, and meet grant award requirements, and has been and will continue to be irreparably harmed unless the intellectual property is immediately assigned to Iconic Health.  Plaintiffs are entitled to specific performance and/or mandatory injunctive relief requiring Defendants to assign the intellectual property to Iconic Health.  In addition, Plaintiffs are entitled to such damages and monetary relief to compensate Plaintiffs for all losses and harm suffered from Defendants' conduct and attorneys' fees and costs as expressly agreed upon.

## PARTIES

2.      Plaintiff AAQ is a Missouri corporation with its principal place of business in St. Louis, Missouri, and formerly doing business as The Innovation Factory.

3.      Plaintiff MIC is a Missouri non-profit corporation with its principal place of business in Columbia, Missouri.

4.      Plaintiff CI is a Missouri limited liability company with its principal place of business in Columbia, Missouri.

5.      Upon information and belief, Defendant IconoPsych is a Missouri limited liability company with its principal place of business in Columbia, Missouri.

6.     Upon information and belief, Defendant Cafer is a citizen and resident of the State of Missouri and a Member of IconoPsych.

## JURISDICTION AND VENUE

7.     Plaintiffs AAQ, MIC, and CI assert claims under Missouri common law for breach of contract, specific performance, unjust enrichment, tortious interference with a contractual expectancy, and intentional misrepresentation.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs' right to relief necessarily depends on the resolution of a substantial question of federal patent law. Specifically, the Court would be required to determine the scope, content, and similarity of various patent applications at issue in this case.

8.     Venue in this District is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, and Defendants are subject to personal jurisdiction in this District.

9.     This Court has personal jurisdiction over Defendants because, *inter alia*: all Defendants are residents of Missouri; Defendant Cafer is a citizen of and domiciled in Missouri; Defendant IconoPsych is organized under the laws of Missouri with its principal place of business in Missouri, with at least one member who is a citizen of Missouri; upon information and belief, Defendants offer services to Missouri residents constituting the transaction of business in Missouri; Defendants have engaged in acts or omissions within this District causing injury in this District; Defendants have otherwise made or established contacts within this District sufficient to permit the exercise of personal jurisdiction over Defendants; and Defendants expressly agreed to resolve any disputes in this judicial forum in the Iconic Health operating agreement.

## ALLEGATIONS COMMON TO ALL COUNTS

10.     In March, 2007, AAQ, MIC, and IconoPsych began discussions regarding the formation of a limited liability company.  On or about July 26, 2007, these discussions came to fruition with the formation of Iconic Health under the laws of the State of Missouri.  Iconic Health was formed for the purpose of improving the quality and efficiency of mental health care through innovations in provider-patient communication and novel data visualization.

11.     Certain patent applications held by IconoPsych or its majority Member, Jason Cafer, are necessary to Iconic Health's purpose, and it was contemplated at the time of formation that IconoPsych and/or Cafer would assign these applications to Iconic Health.  These patent applications include, among others, U.S. Patent Application Serial Number 11/933,323, Serial Number 11/695,050, Serial Number 11/933,368, and Serial Number 11/866,986 (the "Intellectual Property," and including other intellectual property contemplated).

12.     Upon information and belief, at the time of Iconic Health's formation and at times subsequently thereafter, Cafer expressly stated IconoPsych would assign all the Intellectual Property to Iconic Health in exchange for IconoPsych's interest in Iconic Health.  Furthermore, upon information and belief, Cafer drafted two separate federal grants (NIH and USDA) that listed Iconic Health as the holder of the Intellectual Property.  Reasonably relying on Cafer's representations, Plaintiffs AAQ and MIC continued with the formation of Iconic Health and on September 15, 2008, AAQ, MIC, and IconoPsych signed the Amended and Restated Operating Agreement (the "Agreement").  A true and accurate copy of the Agreement is attached hereto as Exhibit A, which is incorporated herein.  On or around October 17, 2008, Plaintiff CI signed the

4

Agreement, joined Iconic Health as a Member, and invested $180,000 into Iconic Health based on Defendant Cafer's representations that, among other things, the Intellectual Property was already, or would be, assigned to Iconic Health.  See Signature Page of Iconic Health by CI Iconic (a true and accurate copy is attached hereto as Exhibit B, which is incorporated herein); CI Iconic Subscription Agreement dated October 17, 2008 (a true and accurate copy is attached hereto as Exhibit C, which is incorporated herein); Operating Agreement Schedule A as of 12/31/08 (a true and accurate copy is attached hereto as Exhibit D, which is incorporated herein). Further relying on these representations, Plaintiff CI invested an additional $65,000 into Iconic Health on or around July 27, 2009.  See Operating Agreement Schedule A as of 7/31/2009 (a true and accurate copy is attached hereto as Exhibit E, which is incorporated herein); CI Iconic Subscription Agreement dated July 27, 2009 (a true and accurate copy is attached hereto as Exhibit F, which is incorporated herein).

13.    Cafer's representations were memorialized in the Agreement.  The terms of the Agreement expressly state each "Member will contribute to the Capital of [Iconic Health] that amount of . . . property . . . set forth next to their respective names in Schedule A. . . .  In exchange for their Contributions, each Member will receive the Percentage Interest and corresponding number of Units set forth next to such Member's name on Schedule A." Exhibit A at Section 3.1.  Schedule A provides that IconoPsych will contribute "all associated intellectual property and patents of the Omnibus Patent Application" and receive a 56.9% interest as a result. Exhibit A at Schedule A.  Plaintiffs AAQ and MIC were required to perform certain duties in exchange for their original interests (38.9% and 4.2%, respectively), including, but not limited to oversight and execution of Iconic Health's purpose, business services, accounting, and

consulting services.  Exhibit A at Schedule D-F.  As noted above, Plaintiff CI contributed a total of $245,000 to Iconic Health.  See Exhibit E.

14.     Jason Cafer, as a Member of IconoPsych, signed the Agreement on behalf of IconoPsych.   Upon information and belief, under the terms of IconoPsych's Operating Agreement, Jason Cafer had the authority to bind IconoPsych.

15.     Since the Agreement was signed in 2008, Jason Cafer and IconoPsych have refused to assign the Intellectual Property.  Instead, knowing that the Intellectual Property is necessary for Iconic Health to fulfill its purpose as a going concern, Defendants have used the patent applications as leverage to secure unjust personal enrichment.  Firstly, Defendant Cafer has demanded that Plaintiffs execute a promissory note that would require Plaintiffs to pay Cafer individually for his costs associated with pursuing the Intellectual Property, in direct contravention of Defendants' required contribution in the Agreement. Secondly, in breach of the Agreement and their express representations, Defendants have now stated that they would assign three of the patent applications to Iconic Health only if Plaintiffs would waive their right to the fourth patent application.  Defendants claim that this fourth patent application, related to a technology called IconoGraphs, is unrelated to Iconic Health's business and unrelated to the remaining patent applications.

16.     In fact, upon information and belief, Cafer drafted, and was listed as the Principal Investigator on, a NIH federal grant that explicitly cited Iconic Health as holding the rights to the technology called IconoGraphs.  The inventiveness of the IconoGraphs technology is disclosed in the patent application that Cafer and IconoPsych now refuse to assign to Iconic Health, again claiming the IconoGraph application fundamentally differs from the others.  Upon information and belief, the IconoGraph technology, directed to a set of visualization tools to assist mental

health providers manage complex medication regimens, is related both to the remaining patent applications and the stated purposes of Iconic Health.

17.     Plaintiffs AAQ and MIC have performed and continued to perform their duties and obligations under the Agreement.

18.     The failure to have transferred this Intellectual Property pursuant to the Agreement has resulted in the inability of Iconic Health to complete the product creation and distribution, to meet grant award requirements, and to obtain necessary funding, which if not obtained immediately, would cause financial hardship for Iconic Health and cause irreparable harm to Plaintiffs as Members of Iconic Health.

19.     The Agreement further provides that in the event of litigation "the prevailing party is entitled to recover its attorneys' fees and expenses." Exhibit A at Section 13.9.

## COUNT I
### (Breach of Contract and Injunctive Relief)

20.     Plaintiffs incorporate by reference the allegations set forth above in Paragraphs 1 through 19 as if fully stated herein.

21.     Defendants are in violation of the Agreement entered into with Plaintiffs requiring that Defendants contribute and assign the Intellectual Property to Iconic Health.

22.     Plaintiffs AAQ, MIC, and IC have complied with all of their obligations under the Agreement.

23.     Defendants' activities constitute a breach of the Agreement.

24.     Plaintiffs have been and will continue to be damaged as a direct and proximate cause of the breach by Defendants.

25.     Through their membership in Iconic Health, Plaintiffs have a protectable interest in the Intellectual Property subject to protection and enforcement by way of injunctive relief.

26.     Plaintiffs will suffer irreparable harm if injunctive relief is not entered by this Court to enforce the required contribution and assignment by Defendants contained in the Agreement.

27.     Plaintiffs have no adequate remedy at law to protect its interests and rights for enforcement and injunctive relief against Defendants pursuant to the terms of the Agreement.

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants on Count I and enter temporary, preliminary, and permanent mandatory injunctive relief requiring Defendants to (i) contribute and assign all the Intellectual Property to Iconic Health, LLC; (ii) pay Plaintiffs their attorneys' fees and costs; and (iii) grant such other and further relief as this Court deems just and proper.

## COUNT II
### (Action for Specific Performance)

28.     Plaintiffs incorporate by reference the allegations set forth above in Paragraphs 1 through 27 as if fully stated herein.

29.     Plaintiffs have performed all of their obligations under the Agreement.

30.     Furthermore, Plaintiffs were ready, willing and able to perform their obligations under the Agreement and remain ready, willing and able to perform their obligations under the Agreement.

31.     Defendants have failed and refused to perform their obligations under the Agreement and are in breach thereof from which breach Plaintiffs are entitled to relief.

32.     Since the subject matter of the Agreement is intellectual property, damages cannot adequately compensate Plaintiffs for Defendants' refusal to assign the Intellectual Property and breach of the Agreement.  Therefore, Plaintiffs have no adequate legal remedy and are entitled to a judgment for specific performance requiring Defendants to assign the Intellectual Property.

8

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for specific performance requiring Defendants IconoPsych and Cafer, jointly and severally, to (i) contribute and assign all the Intellectual Property to Iconic Health, LLC; (ii) pay Plaintiffs their attorneys' fees and costs; and (iii) grant such other and further relief as this Court deems just and proper.

## COUNT III
### (Unjust Enrichment)

33.     Plaintiffs incorporate by reference the allegations set forth above in Paragraphs 1 through 32 as if fully stated herein.

34.     Defendants benefited from their wrongful acts, which caused Plaintiffs to suffer injury and monetary loss.

35.     As a result of the foregoing, it is unjust and inequitable for Defendants to have enriched themselves through the refusal to contribute and assign the Intellectual Property to Iconic Health.

36.     The remedies at law are not adequate to serve the interests of justice.

37.     Equity and good conscience require that Defendants disgorge all such unjust enrichment and that Defendants should pay the amounts by which they were unjustly enriched to Plaintiffs.

38.     Plaintiffs are entitled to a constructive trust impressed upon the benefits derived by Defendants from their unjust enrichment and inequitable conduct.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants IconoPsych and Cafer, both jointly and severally, on Count III of its Petition and pray that Plaintiffs be awarded such damages and monetary relief to compensate Plaintiffs for all losses, including loss of revenue and goodwill, disgorgement of any unjust enrichment to Defendants, for punitive damages, attorneys' fees, costs and interest pursuant to

applicable law, and for such other relief as the Court deems just and proper under the circumstances.

**COUNT IV**
**(Tortious Interference With Contractual Expectancy)**
**(Defendant Cafer)**

39.     Plaintiffs incorporate by reference the allegations set forth above in Paragraphs 1 through 38 as if fully stated herein.

40.     At all times relevant herein, Plaintiffs had a valid and enforceable contractual relationship with IconoPsych, and a legitimate expectation that IconoPsych would abide by all provisions in the Agreement, including the requirement that IconoPsych contribute and assign the Intellectual Property to Iconic Health.

41.     Defendant Cafer has intentionally interfered with the contract between Plaintiffs and IconoPsych in that Defendant Cafer's refusal to assign the Intellectual Property has induced or caused IconoPsych to breach the Agreement.

42.     Defendant Cafer's interference with the Agreement is without justification.

43.     As a direct and proximate cause of Defendant Cafer's intentional actions, Plaintiffs' Agreement with IconoPsych, and its expectancy that IconoPsych would comply with the terms and conditions of the Agreement, has been harmed, affected, or deterred.

44.     Plaintiffs have sustained damages as a result of Defendant Cafer's conduct and have suffered and continues to suffer irreparable harm and injury by Defendant Cafer's actions for which Plaintiff have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants Iconpsych and Cafer, both jointly and severally, on Count IV of its Petition and pray that Plaintiffs be awarded monetary damages sufficient to compensate it for the losses sustained by Defendants' intentional and tortious interference, for costs of suit pursuant to

10

applicable law, attorneys' fees, and for such other relief as the Court deems just and proper under the circumstances.

**COUNT V**
**(Intentional Misrepresentations)**
**(Defendant Cafer)**

45.     Plaintiffs incorporate by reference the allegations set forth above in Paragraphs 1 through 44 as if fully stated herein.

46.     Defendant Cafer, acting on behalf of company IconoPsych, intentionally made knowingly false material statements to Plaintiffs.   Defendant Cafer knew at the time the statements were made, that the statements were false and constituted intentional misrepresentation.  Such false representations by Defendant Cafer as herein described include, but are not limited to:   false representations to Plaintiffs that he, Cafer, and the company IconoPsych would contribute and assign the aforementioned Intellectual Property to Iconic Health.

47.     In fact, Defendant Cafer and IconoPsych have refused to contribute and assign this Intellectual Property to Iconic Health, and instead, have chosen to use the Intellectual Property as leverage to renegotiate the Agreement.

48.     Defendant Cafer made the aforementioned intentional misrepresentations, and other false representations, with the intent to deceive and mislead Plaintiffs regarding the assignment of the Intellectual Property and with the intent that Plaintiffs would act upon the intentional misrepresentations.

49.     Plaintiffs had a right to and did reasonably rely on the representations by Cafer as being truthful.

11

50.     As a direct and proximate result of the actions of Defendant Cafer, Plaintiffs suffered damages.

51.     In committing these fraudulent acts, Defendants acted intentionally in a willful, wanton, and malicious manner toward Plaintiffs and/or in reckless disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants Iconopsych and Cafer, both jointly and severally, on Count V of its Petition and pray that Plaintiffs be awarded monetary damages sufficient to compensate them for the losses sustained by Defendants' acts of fraud and misrepresentation, for punitive damages in an amount sufficient to punish Defendants for their willful, wanton, malicious, and reckless acts and to deter Defendants and others similarly situated from engaging in such behavior in the future, for costs of suit pursuant to applicable law, attorneys' fees, and for such other relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiffs demand a trial by jury as to all claims and all issues properly triable thereby.


Dated: June 16, 2010                    Respectfully submitted,

                                        **LEWIS, RICE & FINGERSH, L.C.**


                                        By:        /s/ Frank Janoski
                                                   Frank B. Janoski, #3480
                                                   John M. Rebman, #5246059
                                                   600 Washington, Suite 2500
                                                   St. Louis, MO 63101
                                                   (314) 444-7600 (telephone)
                                                   (314) 612-1343 (facsimile)


                                        ***Attorneys for Plaintiffs***